IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER
a/k/a The Hush,

        Plaintiff,
v.                              Case. No. 15-4853-RDR

STORTZ AUCTION,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se*, filed this action on February 22, 2015. She sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Magistrate Judge Sebelius examined her supporting affidavit and granted her leave to proceed *in forma pauperis*. He also considered her complaint under 28 U.S.C. § 1915(e)(2)(B) and determined that plaintiff should show cause to this court on or before March 23, 2015 why her complaint should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has since responded to that order and the court is now prepared to rule.

In her complaint, plaintiff alleged that the defendant Stortz Auction had engaged in several improper activities in the sale of certain items from the estate of Howard Leroy Ellis. Plaintiff indicates that she is the main beneficiary of the Ellis estate. Specifically, plaintiff alleges that (1) she was

denied a bid ticket on the day of the auction; (2) certain items were apparently available for sale that were not listed on the inventory list in the probate case; and (3) the auctioneer called the police on plaintiff when she drove by her property on the day before the auction.  Plaintiff has suggested that these actions constitute (1) fraud; (2) a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO); and (3) civil rights violations.

In his order, Judge Sebelius stated that plaintiff "had failed to plead sufficient facts to establish any of the elements of the claims she brings."  He noted that plaintiff "did not allege sufficient facts to support any of the elements of a fraud claim, and the complaint also lack[ed] any information showing the time, place and contents of the alleged fraud representation as well as the party making the alleged false statements."  Next, he noted that plaintiff had failed to "allege sufficient facts to support any of the elements of a civil RICO claim."  Finally, he indicated that, although the complaint was not entirely clear, he assumed that plaintiff was asserting a civil rights claim under 42 U.S.C. § 1983.  He found that plaintiff's complaint "fail[ed] to set forth which federally secured right she claims Stortz Auction violated or how Stortz Auction, which appears to be a private business, is a state actor."

Plaintiff responded one day after Judge Sebelius' order to show cause. She reiterated that Stortz Auction had failed to provide her with a bid ticket for the auction and this failure had caused her to lose her belongings. She further noted that the "fraudulent inventory list" of the estate caused her "undue stress and duress." She states that she has suffered "great" losses of property and money.

The court must view the pleadings of the plaintiff, as a *pro se* litigant, liberally. See <u>United States v. Pinson</u>, 584 F.3d 972, 975 (10th Cir. 2009). But this liberal treatment is not without limits. This liberal construction of *pro se* petitions does not exempt them from the rules of procedure binding the petitions of other litigants. See <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005). A liberal construction of plaintiff's complaint cannot excuse her failure to plead sufficient facts. <u>Porter v. Graves</u>, 2014 WL 7399058, at * 2 (10th Cir. Dec. 31, 2014).

The court has carefully reviewed plaintiff's complaint and her response to the court's order to show cause. Even with a liberal construction of plaintiff's complaint, the court is unable to find that plaintiff has alleged sufficient facts to establish the elements of any of the claims she asserts. The court agrees with Judge Sebelius that plaintiff has failed to state claims of fraud, RICO or a violation of her civil rights.

3

Judge Sebelius pointed out the various problems with the claims alleged by plaintiff and directed plaintiff to show cause why her complaint should not be dismissed for failure to state a claim upon which relief can be granted.  Plaintiff has failed to provide the court with any appropriate reason why her claims should not be dismissed.  Her response fails to address any of the issues raised by Judge Sebelius in his order.  Accordingly, the court shall dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's complaint be hereby dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

Dated this 16TH day of March, 2015, at Topeka, Kansas.


s/ RICHARD D. ROGERS
Richard D. Rogers
United States District Judge